Dan Lawton (State Bar No. 127342)
dan@lawtonlaw.com (Electronic mail)
Joseph C. Kracht (State Bar No. 228507)
joe@lawtonlaw.com (Electronic mail)
LAWTON LAW FIRM
Emerald Plaza
402 West Broadway, Suite 1330
San Diego, CA 92101
(619) 595-1370 (Telephone)
(619) 595-1520 (Telefacsimile)
www.lawtonlaw.com

Justin G. Reden (State Bar No. 230068)
jreden@redenandreden.com (Electronic mail)
Todd J. Langford (State Bar No. 254517)
tlangford@redenandreden.com (Electronic mail)
REDEN & REDEN, APC
16885 Via Del Campo Court, Suite 320
San Diego, CA 92127
(619) 758-3869 (Telephone)
(800) 746-5015 (Telefacsimile) www.redenandreden.com

Attorneys for Plaintiff Security5, LLC

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITY5, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REACT MOBILE LLC, a Washington limited liability company; REACT MOBILE, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. **'16CV2004 JAH KSC**<br><br>PLAINTIFF SECURITY5, LLC'S COMPLAINT FOR DAMAGES AND FOR PRELIMINARY AND PERMANENT INJUNCTIONS FOR INFRINGEMENT OF U.S. PATENT NO. 7,907,931; DEMAND FOR TRIAL BY JURY AND FOR SPEEDY HEARING |

1

Plaintiff Security5, LLC (hereinafter "plaintiff" or "Security5"), pursuant to Fed. R. Civ. P. 8(a), alleges upon knowledge as to itself and its own actions, and upon information and belief as to all other matters, against defendants REACT MOBILE, LLC and REACT MOBILE, INC. (collectively hereinafter "defendant" or "React Mobile"), and DOES 1 through 100, as follows:

## **THE PARTIES**

1. Security5 is a limited liability company organized and existing under the laws of the State of Delaware and has as its principal place of business and is doing business in the County of San Diego, State of California. Security5 is the assignee of United States Patent 7,907,931 (the "'931 Patent") entitled "Portable Communications Device," which issued on March 15, 2011.

2. Defendant REACT MOBILE, LLC. is a limited liability company organized and existing under the laws of the State of Washington and is doing business in the State of California.

3. Defendant REACT MOBILE, INC. is a corporation organized and existing under the laws of the State of Delaware and is doing business in the State of California.

4. Defendants DOES 1 through 100, inclusive, are sued under those fictitious names. Their true names and capacities are presently unknown to Security5. When their true names and capacities are ascertained, Security5 will amend this complaint by inserting their true names and capacities. Security5 is informed and believes, and on that basis alleges, that each of the fictitiously-named DOE defendants is responsible in some manner for the occurrences referred to in this complaint and proximately caused Security5's injuries and damages.

5. Security5 is informed and believes, and on that basis alleges, that, at all times mentioned in this complaint, each defendant was the agent of each of the

1 | remaining defendants, and in doing the things alleged, was acting within the
2 | course and scope of such agency and with the permission and consent of their co-
3 | defendants.  Each defendant has ratified and approved the actions of the
4 | remaining defendants.

## JURISDICTION AND VENUE

6. This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code, and under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201.

8. Venue is proper in this judicial district under pertinent law, including, *inter alia*, 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## PATENT IN SUIT

9. Plaintiff realleges and incorporates by reference as though fully set forth all of the preceding paragraphs.

10. The patent in suit is the '931 Patent.  The original patent application was filed as a PCT Application in Ireland on May 26, 2004.  The '931 Patent claims priority to IE S2003/0397 filed with the Irish Patents Office on May 26, 2003.  On July 6, 2006, the Irish inventors then assigned the patent application to Securecom Technologies Limited, an Irish company the inventors jointly owned.  The USPTO issued the '931 Patent on March 15, 2011.

11. Securecom Technologies Limited then assigned all rights in the '931 Patent to TLCD, LLC, a Delaware limited liability company, on August 19, 2014.  TLCD, LLC, in turn, assigned all patent rights in the '931 Patent to the plaintiff, Security5, LLC, on August 19, 2014.

12. Security5 holds the '931 Patent rights and is developing and preparing to manufacture, sell and distribute a personal security alert device,

known as "My Panic Button," which embodies the patented invention.

13. The '931 Patent discloses and claims a portable device that indicates its location to other devices using a combination of wireless technologies. In one embodiment of the invention, a person can use the portable device in the form of a wearable electronic pendant, which, in the event of an emergency, can be used to summon help remotely.

14. The portable device works by first taking an input from the person wearing it. When the person presses a button, or uses a voice command, the portable device initiates a connection to another wireless telecommunications device, typically a mobile phone via Bluetooth. Using that connection with the mobile phone, the portable device may determine the location of the person wearing it. It can do this based on location information from the mobile phone (e.g., by using GPS or triangulation of mobile phone) or through some other position determining circuitry or device located nearby.

15. The portable device, using the mobile phone connection, can then send text, audio, and/or location coordinates from the person wearing it to a predetermined contact or location.

## THE PATENTED DEVICE

16. Plaintiff realleges and incorporates by reference as though fully set forth all of the preceding paragraphs.

17. The patented device is known as the My Panic Button. Security5 is developing My Panic Button for manufacture and sale as a personal emergency alert wearable device, which is activated by a push button. My Panic Button is wirelessly connected via Bluetooth to an app on a smartphone. When activated, My Panic Button will initiate text messages to a friend, contact, or emergency services, along with GPS coordinates.

18. Security5 has developed and is continuing to develop its My Panic

Button product. My Panic Button devices have been distributed to a select group of individuals who are able to activate the device to send out emergency alert text messages that includes their location to selected contacts. A picture of the My Panic Button device (on the left) alongside the infringing device (on the right) is shown below:



## **THE INFRINGING PRODUCT**

19. Plaintiff realleges and incorporates by reference as though fully set forth all of the preceding paragraphs.

20. The infringing product is referred to as the "React Sidekick." React Mobile manufactures and sells the React Sidekick as a personal emergency alert wearable device, which is activated by a push button. The wearable device is wirelessly connected via Bluetooth to an app on a smartphone. When activated, the React Sidekick will communicate with a user's phone to send text messages to

pre-selected contacts, along with GPS coordinates.

21. The React Sidekick performs the same function as the My Panic Button pendent, in the same way, to obtain the same result:

| Claim Limitation[1] | Limitation Met |
| --- | --- |
| A portable communications device for wearing on a person for communicating a signal indicative of the location of the person to a predetermined location | React Sidekick is a portable communications device that can be secured to a user's clothing, as its packaging indicates, and is paired with a mobile phone. When paired with an associated mobile phone and its button pressed, the React Sidekick causes text messages to be sent to another mobile phone previously specified (predetermined location). The text message includes a link to a website that shows the location of the React Sidekick. |

---

[1] Only claim 1 of the '931 Patent is shown here. The React Sidekick also infringes claims 2, 3, 15, 19, and 20. Claims 2 and 3 say the portable communications device includes a switch/button as the specific means of the input interface. Claim 15 includes the limitation of the device transmitting a preliminary activating signal, which is indicative of the identity of the device, among other limitations. Claims 19 and 20 limit the telecommunications terminal equipment device to a mobile phone.

| | |
|---|---|
| wherein the communications device is operable in conjunction with a wireless enabled telecommunications terminal equipment device for communicating the signal indicative of the location of the person to a predetermined location, and | When the React Sidekick button is pressed, as above, the device interacts with an associated mobile phone, causing it, without further interaction, to send a text message to another mobile phone previously specified. |
| the portable communications device comprises a position determining circuit for communicating with an external electronic positioning system for determining the location of the device, | The React Sidekick includes a circuit (Bluetooth) that communicates with the external electronic positioning system (the associated mobile phone) for determining the location of the portable communications device. |
| an input interface for receiving an input signal, | The React Sidekick has an input interface (a button) that receives an input signal when activated (i.e., when pressed). |
| a wireless transmitter for transmitting a signal from the device to the wireless enabled telecommunications terminal equipment device via a wireless communications link, | The React Sidekick uses Bluetooth wireless communication to interact with the associated mobile phone. |

| | |
|---|---|
| a microprocessor responsive to an input signal entered through the input interface for reading a signal indicative of the location of the device from the position determining circuit, and | The React Sidekick responds to input via a microprocessor responsive to the button being engaged. The input signal itself provides a relative location via Bluetooth signal to the associated mobile phone. |
| for operating the wireless transmitter for transmitting an activating signal to the wireless enabled telecommunications terminal equipment device, | The React Sidekick button when engaged communicates via Bluetooth to the associated mobile phone, which necessitates a wireless transmitter. This transmitter transmits an activating signal to the associated mobile phone, evidenced by the React Sidekick mobile app on the associated mobile phone being activated when the React Sidekick button is pressed. |

| | |
|---|---|
| the activating signal comprising a signal indicative of the identity of the device and the signal indicative of the location of the device, | Using Bluetooth protocol, once the React Sidekick is paired with the associated mobile phone, the signal that activates the associated mobile phone necessarily identifies the device (i.e., the React Sidekick). The signal sent over Bluetooth protocol indicates the location of the React Sidekick relative to the associated mobile phone. |
| the activating signal being provided for activating the wireless enabled telecommunications terminal equipment device for communicating the signals indicative of the identity and location of the device to the predetermined location via a telecommunications network. | When its button is pressed, the React Sidekick activates the associated mobile phone via a Bluetooth activating signal, which in turn, once activated, sends a text message to another mobile phone previously specified. That message includes the person's identity and location (via a link to a website with a map of the location of the device), all necessarily transmitted over a telecommunications network. |

22. On or about September 14, 2015, Plaintiff notified React Mobile of its potential infringement of the '931 Patent. To this date, Plaintiff has not received a response from React Mobile.

### **FIRST CLAIM FOR RELIEF**

(Infringement of Patent)

(Against All Defendants)

23. Plaintiff realleges and incorporates by reference as though fully set forth all of the preceding paragraphs.

24. The '931 Patent issued on March 15, 2011. Its priority date is May 26, 2003. A true and correct copy of the '931 Patent is attached hereto as Exhibit 1 and incorporated herein by this reference.

25. Plaintiff is the sole owner of the '931 Patent.

26. React Mobile has literally infringed, and still is infringing, at least claims 1, 2, 3, 15, 19, and 20 of the '931 Patent by making, using, selling, offering for sale and/or licensing products and services covered by one or more claims of the '931 Patent without plaintiff's authorization or consent. These products and services include, *inter alia*, React Mobile's React Sidekick and mobile software application.

27. In the alternative, to the extent React Mobile and the accused product are found to not literally infringe the '931 Patent, Security5 invokes the Doctrine of Equivalents. React Mobile's product performs substantially the same function, in substantially the same way to obtain the exact same result of each and every limitation of claims 1, 2, 3, 15, 19, and 20 of the '931 patent. There is no substantial difference between any element of those claims of the '931 Patent and its nearest nonliteral counterpart in the accused product.

28. React Mobile has infringed the '931 Patent, and will continue to do so unless enjoined by this Court.

29. React Mobile is aware of the '931 Patent and its infringement has been willful.

30. React Mobile is actively inducing and/or contributing to infringement of the '931 Patent by others, including without limitation every user of the React Sidekick.

31. By reason of the foregoing, plaintiff has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

32. The acts of infringement described above are willful, deliberate and in reckless disregard of plaintiff's patent rights.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief as follows:

A. That all defendants, and each of them, be adjudged to have infringed the '931 Patent under 35 U.S.C. § 271(a), (b), (c), and (g);

B. That all defendants, and each of them, be adjudged to have willfully infringed the '931 Patent under 35 U.S.C. § 271(a), (b), (c), and (g);

C. That defendants, and each of them, as well as their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them be preliminarily and permanently restrained and enjoined under 35 U.S.C. § 283 from directly or indirectly infringing the '931 Patent;

D. That the Court award damages to compensate Security5 for the defendants' infringement of the '931 Patent, as well as enhanced damages pursuant to 35 U.S.C. § 284;

E. That the Court award Security5 its attorneys' fees pursuant to 35 U.S.C. § 285 for defendants' willful infringements;

F. That the Court assess pre-judgment and post-judgment interest and

costs of suit against defendants, and award such interest and costs to Security5;

      G.    That Security5 have such other and further relief as this Court may deem just and proper.

DATED: August 10, 2016            LAWTON LAW FIRM

                                    By: s/Dan Lawton
                                        DAN LAWTON
                                        Attorneys for Plaintiff Security5, LLC

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Security5, LLC hereby demands a trial by jury as to all issues triable by jury, specifically including, but not limited to, the infringement of United States Patent No. 7,907,931.

DATED: August 10, 2016                LAWTON LAW FIRM


By: s/Dan Lawton
    DAN LAWTON
    Attorneys for Plaintiff Security5, LLC